Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| VALERIA HERRERA HUYKE Y OTROS<br><br>Apelante<br><br>v.<br><br>SUCN. ORLANDO MERCED MORALES Y OTROS<br><br>Apelado | TA2025AP00068 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2019CV09591<br><br>Sobre: Daños y Perjuicios (Persecución Maliciosa, Libelo, Calumnia o Difamación) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

La apelante, Valeria Herrera Huyke, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de San Juan, emitida el 1 de abril de 2025 y notificada el 2 de abril de 2025. Mediante la misma, el foro *a quo* desestimó una acción civil sobre daños y perjuicios por difamación, detención ilegal y persecución maliciosa promovida en contra de la parte apelada, la Sucesión Orlando Merced Morales y otros.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de apelación.

**I**

El 26 de junio de 2025, último día del término legal y reglamentario para presentar su causa en alzada, la aquí apelante compareció ante nos mediante el recurso de apelación que nos

ocupa.[1] A pesar de ya estar en vigor nuestro nuevo sistema de radicación electrónica (SUMAC), el recurso fue presentado en el buzón de nuestra Secretaría. Ante ello, al día siguiente de la radicación, la Secretaría devolvió el recurso para que fuese presentado mediante SUMAC. Luego de varios trámites, el 1 de julio de 2025, la Secretaría le remitió a la apelante una *Notificación de Deficiencia de Arancel.* En esta, se le apercibió que faltaban $102.00 para completar los aranceles requeridos por ley para la presentación del recurso. Según surge, dicho defecto fue subsanado ese mismo día.

Entretanto, el 25 de julio de 2025, la parte apelada presentó su alegato en oposición a la causa promovida por la apelante. En el pliego, adujo que, aunque el recurso de apelación fue depositado en el buzón de la Secretaría de este Tribunal de Apelaciones el 26 de junio de 2025, la apelante no incluyó el arancel de presentación correspondiente. Indicó que, conforme al ordenamiento procesal vigente, el escrito de apelación no podía considerarse como radicado hasta tanto se efectuara el pago del arancel, lo cual no ocurrió sino hasta el 1 de julio de 2025, cuando ya había vencido el término reglamentario de treinta (30) días para presentar el recurso. Por ello, la parte apelada planteó que, el presentar tardíamente el recurso de apelación, constituía un grave e insubsanable defecto que priva de jurisdicción a este Tribunal de Apelaciones. En consecuencia, solicitó la desestimación del recurso.

Ante el planteamiento de la parte apelada sobre la falta de jurisdicción de este Foro, emitimos *Resolución* ordenando a la parte apelante que demostrara que había incluido el arancel

---

[1] Según surge, la sentencia apelada se notificó el 2 de abril de 2025. Respecto a la misma, la apelante presentó una oportuna solicitud de reconsideración. Mediante *Resolución* del 27 de mayo de 2025, la misma fue declarada *No Ha Lugar*. A partir de esta última fecha, comenzó a decursar el plazo de treinta (30) días aplicable para la presentación de la apelación de epígrafe.

correspondiente al momento de la presentación presencial del recurso el 26 de junio de 2025.

En respuesta, el 13 de agosto de 2025, la apelante presentó *Moción en Cumplimiento de Orden*, en la cual expuso que, al momento de radicar su recurso el 26 de junio de 2025, mediante el buzón de este Tribunal, se anejó el arancel de $102.00, junto con el escrito de apelación. Alegó, además, que el arancel fue devuelto por la Secretaría del Tribunal de Apelaciones, junto con el recurso, y que en el documento intitulado *Notificación de Devolución de Documento*, emitido por la Secretaría el 27 de junio de 2025, no se marcó deficiencia alguna relacionada con el pago del arancel correspondiente.

Toda vez lo anterior, emitimos una segunda *Resolución* en el caso. En esta ocasión, ordenamos a la Secretaría de este Tribunal a que se expresara en cuanto a lo alegado por la apelante, relacionado al documento emitido el 27 de junio de 2025, antes mencionado.

El 15 de agosto de 2025, la señora Carmen Elisa Vilella González, Sub-Secretaria del Tribunal de Apelaciones, presentó un documento intitulado *Comparecencia Especial*.[2] En lo atinente, la funcionaria explicó que, el 27 de junio de 2025, la Secretaria Auxiliar del Tribunal, la señora Irmaranyeli Carmona Ríos, se comunicó con el licenciado Rivera Rivera, representante legal de la parte apelante. En esa comunicación le advirtió que, el recurso de apelación presentado físicamente el 26 de junio de 2025 por el buzón de la Secretaría, no podía ser aceptado. Ello, debido a que, desde el 16 de junio de 2025, la presentación de recursos apelativos ante este Tribunal de Apelaciones, debía hacerse a través de la

---

[2] Junto a la *Comparecencia Especial*, la Sub-Secretaria del Tribunal de Apelaciones, Vilella González, anejó la siguiente prueba documental: 1) La *Notificación de Devolución de Documento* relacionada con el presente caso; 2) Una *Notificación de Devolución de Documento* correspondiente a otro caso, mediante la cual se hizo constar la devolución del sello arancelario ascendiente a $102.00, porque formaba parte de los documentos que fueron depositados en el buzón de la Secretaría de este Tribunal.

plataforma electrónica SUMAC. Ante tal circunstancia, se le informó que debía recoger los documentos en la Secretaría.

Vilella González expresó que, ese mismo 27 de junio de 2025, el licenciado Rivera Rivera se presentó personalmente ante la ventanilla de la Secretaría, con una moción urgente solicitando autorización para radicar físicamente el recurso de apelación, alegando dificultades para presentarlo en la plataforma electrónica SUMAC. En ese momento, la Secretaria Auxiliar, Carmona Ríos y la Sub-Secretaria del Tribunal, Vilella González, le explicaron que, conforme a la Regla 2.1 del Reglamento del Tribunal de Apelaciones, no era posible recibir documentos físicamente, salvo en las excepciones expresamente dispuestas, por lo cual procedieron a preparar un recibo de devolución de los documentos depositados en el buzón, a saber: 1) recurso de Apelación; 2) tres (3) discos compactos (CD´s); 3) Moción para presentar apéndice digitalizado; y 4) Moción para que se permita apelación en exceso de páginas.

Se explicó que, el documento intitulado *Notificación de Devolución* utilizado en este caso, correspondía a la segunda situación que enfrentaron, tras la implementación de SUMAC. En ese momento, no se contaba con un documento diseñado específicamente para atender este tipo de situaciones, por lo que se utilizó el formulario disponible, adoptándolo para detallar los escritos y materiales devueltos. Aunque el formulario contiene un encasillado para señalar insuficiencia de falta de arancel, aclaró que en este caso, no procedía marcarlo, ya que el objetivo era únicamente consignar los escritos y materiales recibidos en la Secretaría y que fueron entregados a la mano al licenciado Rivera Rivera.

A modo de ejemplo, junto con la comparecencia, se anejaron otras dos notificaciones de devolución de documentos que se prepararon el 27 de junio de 2025 a las 11:06 am y el 10 de julio de

2025 a las 10:04 am, debido a que, al igual que en este, en ambos casos, los recursos fueron depositados en el buzón de la Secretaría. En dichos documentos, aparece consignado, en el margen izquierdo del formulario, la devolución del sello de arancel por la cantidad de $102.00, toda vez que en esos casos dicho sello formaba parte de los documentos que fueron recibidos en el buzón de presentaciones de Secretaría. Así, se describió que en este caso particular no se consignó devolución alguna, ya que el arancel de $102.00 no formaba parte de los documentos que fueron entregados en el buzón de Secretaría el 26 de junio de 2025.

Así las cosas, procedemos a expresarnos de conformidad con la norma que regula el adecuado trámite en alzada de la causa de epígrafe.

**II**

Sabido es que todo ciudadano que prosiga una causa en alzada está en la absoluta obligación de perfeccionar su recurso conforme a los preceptos legales y reglamentarios que le sean aplicables, de manera que provea para el cabal ejercicio de nuestras funciones de revisión. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Lo anterior encuentra arraigo en la premisa que establece que "[l]a marcha ordenada de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico," por lo que las normas que rigen el trámite apelativo de las causas judiciales deben ser observadas con fidelidad. *Íd.*; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).

Conforme reconoce el estado de derecho vigente, el alegato constituye el instrumento por el cual el Tribunal de Apelaciones puede aquilatar y justipreciar los argumentos de quien acude a su auxilio. El incumplimiento de los requisitos exigidos para su presentación imposibilita que el recurso se perfeccione a cabalidad. Nuestro estado de derecho, en aras de garantizar a las partes su día

en corte, exige a los miembros de la profesión legal cumplir cabalmente con los trámites contemplados por ley y reglamentos respecto al perfeccionamiento de los recursos en alzada. *Soto Pino v. Uno Radio Group,* supra, pág. 90; *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). Por tanto, el cumplimiento con el trámite correspondiente a los procesos apelativos no puede quedar supeditado al arbitrio de los abogados, puesto que una inobservancia en el mismo da lugar a la falta de jurisdicción del foro intermedio. *Soto Pino v. Uno Radio Group,* supra, pág. 91; *Matos v. Metropolitan Marble Corp.*, supra, págs. 124-125.

En este contexto y concerniente al asunto que nos ocupa, en cuanto a los recursos de *apelación,* la Regla 14 (A) del Reglamento del Tribunal de Apelaciones, Regla 14 (A) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 27, 215 DPR ___ (2025), dispone como sigue:

> Regla 14 - *Presentación y notificación*
>
> (A) La apelación se formalizará con la presentación del escrito de apelación en la Secretaría del Tribunal de Apelaciones, junto con el arancel correspondiente.
>
> **La fecha del pago de derechos arancelarios, de ser aplicable, constituirá la fecha de presentación de la apelación.** Por lo tanto, la fecha de presentación de la apelación no se retrotraerá a la fecha en que se cargó electrónicamente el documento, de ser distintas. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.
>
> [...]. (Énfasis nuestro).

Es norma jurisprudencial reiterada que la parte que presenta un escrito de apelación o una petición de *certiorari* ante el Tribunal de Apelaciones tiene la obligación de satisfacer los derechos arancelarios correspondientes. *Greene y otros v. Biase y otros,* 2025 TSPR 83, 216 DPR ___ (2025); *Silva Barreto v. Tejada Martell,* 199 DPR 311, 316 (2017). "[**L**]**a omisión de unir a un escrito judicial los correspondientes sellos de rentas internas lo convierte en nulo e ineficaz por lo que se tiene como no presentado**". *UGT v. Centro Médico del Turabo,* 208 DPR 944, 959 (2022). (Énfasis nuestro). Así pues, "[**u**]**n escrito que deba presentarse dentro de determinado plazo y que por ley deba acompañarse de determinados sellos de rentas internas se tiene por no presentado y no interrumpe dicho plazo si se omite incluir los sellos** [**arancelarios**]". *Greene y otros v. Biase y otros,* supra; *UGT v. Centro Médico del Turabo,* supra, a la pág. 959, citando a *Maldonado v. Pichardo,* 104 DPR 778, 781–782 (1976). (Énfasis suplido). Por ende, como requisito umbral para invocar la jurisdicción de un foro revisor, la parte que impugna una determinación emitida por un foro de menor jerarquía debe cumplir con el pago de los aranceles aplicables y adherir los sellos requeridos a su recurso, todo ello dentro del término dispuesto por ley. *UGT v. Centro Médico del Turabo,* supra, a la pág. 959.

**B**

Por su parte, sabido es que la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *Greene y otros v. Biase y otros,* supra*; Mun. de Aguada v. W. Construction, LLC,* 2024 TSPR 69, 213 DPR ___ (2024); *Matos, Sostre v. Registradora,* 2023 TSPR 148, 213 DPR ___ (2023); *FCPR v. ELA et al,* 211 LPRA 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 LPRA 586, 600 (2021); *SLG Solá Moreno v. Bengoa Becerra,* 182 LPRA 675, 682 (2011). Es premisa

cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 LPRA 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 LPRA 254, 268 (2018); *Mun. De San Sebastián v. QMC Telecom,* 190 LPRA 652, 660 (2014); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 LPRA 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. De San Sebastián v. QMC Telecom,* supra.

Relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo debe ser desestimado. *Juliá, et als v. Epifanio Vidal,* 153 DPR 357, 366-367 (2001). Así pues, su presentación carece de eficacia y no produce efecto jurídico alguno, dado a que no existe autoridad judicial para acogerlo. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). En materia de derecho apelativo y conforme al ordenamiento vigente, la Regla 52.2 (a) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (a), establece que los recursos de *apelación* sometidos a la consideración del Tribunal de Apelaciones para revisar las sentencias emitidas por el Tribunal de Primera Instancia deberán ser presentados dentro del término de treinta (30) días a partir de la fecha de la *notificación* de las mismas. Por su parte, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones, *supra,* pág. 23, establece igual periodo para la formalización de dicho recurso. El antes aludido término es uno de carácter jurisdiccional, por lo que no se admite la existencia de justa

causa para excusar el incumplimiento del trámite pertinente dentro del mismo.

**III**

Siendo ineficaz la comparecencia de autos, y toda vez que la apelante no perfeccionó su recurso dentro del término legal y reglamentario dispuesto, resulta forzoso concluir que carecemos de jurisdicción para entender sobre su reclamo. Según surge, la apelante impugna los términos de una *Sentencia* notificada el 2 de abril de 2025. Respecto a la misma, y de manera oportuna, solicitó la *Reconsideración* de lo resuelto, todo mediante moción a los efectos.[3] Luego de evaluada la solicitud, el Tribunal de Primera Instancia declaró *No Ha Lugar* la petición, determinación que fue notificada a las partes de epígrafe el **27 de mayo de 2025**. A tenor con el derecho antes esbozado, desde la referida fecha comenzó a decursar el plazo legal y reglamentario aplicable para que el apelante formalizara su gestión en alzada ante este Foro.

En el presente caso, la apelante radicó su recurso el último día de término sin incluir el pago del arancel correspondiente. No fue hasta el 1 de julio de 2025, o sea, cinco (5) días después de vencido el término para apelar, que se subsanó la deficiencia. Cabe señalar que, nada impide que se subsane una deficiencia arancelaria siempre y cuando se haga dentro del término jurisdiccional contemplado para el perfeccionamiento del recurso que se trate. *UGT v. Centro Médico del Turabo,* supra, a la pág. 959, en nota al calce núm. 6.

---

[3] En lo aquí atinente, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone que, la parte adversamente afectada por una *sentencia* emitida por el Tribunal de Primera Instancia tendrá un término de quince (15) días desde la fecha de notificación de la misma, para solicitar su reconsideración mediante moción a tal fin.

El término de quince (15) días vencía el 17 de abril de 2025, el cual fue concedido por la Rama Judicial. El 18 de abril de 2025 fue feriado. Por ser los días 19 y 20 de abril de 2025 sábado y domingo, el término vencía el 21 de abril de 2025.

Reconocemos que el uso de la plataforma electrónica SUMAC puede dar lugar a confusión y, en aras de hacer justicia, ordenamos demostrar si el arancel había sido incluido al momento de la presentación física del recurso el 26 de junio de 2025, con el fin de evaluarlo en sus méritos. No obstante, al evidenciarse que ello no ocurrió, la fecha del pago de derechos arancelarios constituye la fecha de presentación del recurso de apelación, entiéndase el 1 de julio de 2025. Habiendo presentado el recurso de apelación que nos ocupa a cinco (5) días de vencido el plazo **jurisdiccional** aplicable, resulta forzoso concluir que el mismo es tardío, defecto que nos impide asumir jurisdicción allí donde no la hay.

**IV**

Por los fundamentos que anteceden se desestima el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones